UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALLEN, LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>RASHON SELMON, DOES 1 TO 10 INCLUSIVE,<br><br>                        Defendant. | Case No.: 18cv0854 DMS (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Defendant Rashon Selmon, proceeding *pro se*, removed this unlawful detainer action from state court under 28 U.S.C. §1441. Defendant contends the Court has federal question jurisdiction pursuant to the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C.A. § 5220.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles,*

1

*Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.,* 856 F.2d 1375, 1380 (9th Cir. 1988). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Defendant alleges there is federal question jurisdiction because "[t]he Complaint in this action was filed in State Court as artful pleading" and "pleadings intentionally fail[ed] to allege compliance with the PTFA." (Defendant's Notice of Removal at 3, ECF. No. 1.) However, the Complaint does not allege a federal question artfully pled as a state-law claim. Indeed, it is a straightforward form complaint for unlawful detainer. Plaintiff's cause of action arises solely under state law, namely the unlawful detainer statutes set forth in California Civil Code § 1940 *et. seq.* and California Code of Civil Procedure § 1161 *et. seq.* (ECF. No. 1-2.) The PTFA, which Defendant relies upon as the basis for federal question jurisdiction, pertains to foreclosure actions, not unlawful detainer claims, which is the only claim alleged in the Complaint. The PTFA was "framed in terms of "protections" for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Logan v. U.S. Bank Nat. Ass'n.*, 722 F.3d 1163, 1173 (9th Cir. 2013). Moreover, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption [.]" *Caterpillar Inc.*, 482 U.S. at 392. Accordingly, Defendant has not met his burden as the removing party to establish federal jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For the reasons set
/ / /
/ / /
/ / /

out above, Plaintiff's motion to remand is granted, and this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego - Central Division.

**IT IS SO ORDERED.**

Dated: July 31, 2018

Hon. Dana M. Sabraw
United States District Judge